**Robert Earl WILLIAMS, Petitioner–Appellant,**

v.

**William MERKLE, Warden, Respondent–Appellee.**

No. 03–55573.

United States Court of Appeals, Ninth Circuit.

Submitted March 30, 2004.[*]

Decided April 2, 2004.

---

**4.** *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

**5.** *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995).

Carla J. Johnson, Esq., Long Beach, CA, for Petitioner–Appellant.

Robert M. Snider, Esq., AGCA–Office of the California, Attorney General (LA), Los Angeles, CA, for Respondents–Appellees.

Before: GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Robert Earl Williams, a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, wherein Williams challenges his convictions for attempted robbery, kidnap for robbery, and carjacking, on the ground that the state trial court impermissibly excluded expert witness testimony concerning eye witness identification. We review a district court's decision to deny or grant a 28 U.S.C. § 2254 habeas petition de novo. *See Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 2253 and affirm.

Under the Antiterrorism and Effective Death Penalty Act, a habeas petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1), (2); *see Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). State court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Davis v. Woodford,* 333 F.3d 982, 991 (9th Cir.2003).

Williams seeks a writ of habeas corpus because the state trial court refused to admit his expert testimony on eyewitness identification. Specifically, Williams argues that the trial court abused its discretion by excluding this testimony and by failing to apply the admissibility standard articulated by the California Supreme Court in *People v. McDonald,* 37 Cal.3d 351, 374, 208 Cal.Rptr. 236, 690 P.2d 709

(1984), *overruled in part on other grounds by People v. Mendoza,* 23 Cal.4th 896, 98 Cal.Rptr.2d 431, 4 P.3d 265 (2000). However, the California Court of Appeal found that the trial court did not abuse its discretion. Accordingly, respondent correctly argues that, absent the implication of a federally-protected right, this court has no basis to review a state court's application of its own laws. *See Clemons v. Mississippi,* 494 U.S. 738, 747, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir.1990) (citing *Guzman v. Morris,* 644 F.2d 1295, 1297–98 (9th Cir.1981)). Rather, a person in state custody may petition a federal court for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, we can consider only whether Williams' constitutional or federal rights were violated by the exclusion of the expert testimony. *Jackson,* 921 F.2d at 885; *Guzman,* 644 F.2d at 1298. To this end, Williams argues that the state court's exclusion of his expert's testimony denied him his right to due process. On this argument, Williams can prevail only if he can demonstrate that *McDonald* created a liberty interest in the admission of expert testimony concerning eyewitness identification or that he had a federally-protected right to have such testimony admitted in his trial. *See Jackson,* 921 F.2d at 885. This he cannot do.

First, to demonstrate the establishment of a state-created liberty interest, Williams "must show 'that particularized standards or criteria guide the State's decisionmakers.'" *Baumann v. Ariz. Dep't of Corrs.,* 754 F.2d 841, 844 (9th Cir.1985) (quoting *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983)).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This showing requires that there "be 'objective and defined criteria' which the decision-maker is required to respect." *Id.* (quoting *Olim*, 461 U.S. at 249). Here, although *McDonald* established the test for the admissibility of eyewitness identification expert testimony, it left the decision to exclude or admit such testimony primarily to the discretion of the trial court. *McDonald*, 37 Cal.3d at 351, 208 Cal.Rptr. 236, 690 P.2d 709 ("We reiterate that the decision to admit or exclude expert testimony on psychological factors affecting eyewitness identification remains primarily a matter within the trial court's discretion. . . ."). Thus, *McDonald* did not impose the necessary restrictions on the trial court's discretion to create a liberty interest that would require the admission of expert testimony on eyewitness identification. *See Chaney v. Stewart*, 156 F.3d 921, 925 (9th Cir.1998).

Second, Williams cannot establish that there is a federally-protected right to the admission of expert testimony concerning eyewitness identification. As we have noted, even if it is proper to admit expert testimony on eyewitness identification, "there is no federal authority for the proposition that such testimony *must* be admitted." *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir.1986) (quoting *United States v. Moore*, 786 F.2d 1308, 1312–13 (5th Cir.1986) (emphasis in original)). Because this case is before us on collateral review, we are not permitted to establish a new rule that would require the admission of expert testimony regarding eyewitness identification. *See Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Accordingly, the decision of the district court is AFFIRMED.